Case 1:22-mj-00145-ZMF   Document 1-1   Filed

Case: 1:22−mj−00145
Assigned To : Faruqui, Zia M.
Assign. Date : 6/23/2022
Description: Complaint W/ Arrest Warrant

## STATEMENT OF FACTS

On June 22, 2022, members of the Violent Crime Suppression Division's Violent Crime Impact Team (VCIT) were conducting firearm interdiction activities in the 6th District of the District of Columbia. Members of the VCIT were dressed in plain clothes wearing tactical vests with the word "POLICE" written on the front and back clearly visible for the eye to see. Law enforcement was in the high crime area due to violent crimes and firearm related offenses.

Specifically, there is an active rivalry between the neighborhoods known as "37th" or sometimes known as "glizzygang" and the neighborhood known as "simple city" or also known as "clickas". In the last year or so, there have been multiple shootings/homicides involving individuals from both neighborhoods. There has also been well over a hundred firearms recovered from each of the neighborhoods. There was a recent incident on or about June 19, 2022, that took place at the Tyson Corner mall in Fairfax County VA where there was an altercation between two rival rappers ("Nosavage" and "Balla"). "Nosavage" is a big/well known rapper from 37th and "Balla" is a big/well known rapper from Simple City. Although the shooting at Tysons remains under investigation, it is believed that Nosavage may have fired off 3 rounds inside the mall at the rival rapper Balla. This is an ongoing feud between the two neighborhoods and this feud is starting to spill out into other neighborhoods. This feud is contributing to violence in the area, which is what prompted firearms interdiction activities on June 22, 2022, in the 4400 block of F Street SE.

Investigator Minzak (driver), Investigator Choi (front seat passenger), ATF Special Agent Mervis (rear left passenger), were operating an unmarked Chevy Malibu followed by other Investigators of VCIT. All vehicles were equipped with emergency lights and sirens.

At approximately 1817 hours, members were traveling in the 4400 block of F Street SE when they observed a group of individuals standing around a white Mercedes parked on the east side of the road. The defendant, later identified as Defendant Saadiq Logan was part of that group, and was observed standing next to the vehicle holding a black backpack. Once seeing the presence of police, Defendant Logan and other individuals quickly walked away from the aforementioned Mercedes. Defendant Logan then took unprovoked flight, holding a book bag close to his side.

Investigators Choi and Damron gave chase on foot. Shortly into the pursuit, Defendant Logan appeared to trip while running and fell to the ground. The black bag also fell to the ground. Investigator Choi secured Defendant Logan while Investigator Damron recovered the book bag. When picking up the backpack, Investigator Damron felt a hard object which he immediately recognized to be a firearm. Investigator Damron then opened the book bag and observed two firearms along with multiple firearm magazines inside of the black bag Defendant Logan discarded.

Simultaneously, as Investigator Damron was opening the backpack, Investigator Choi rolled Defendant Logan to his back and observed the grip of a firearm sticking out of Defendant Logan's front waistband as well.

The following evidence was recovered during the arrest:

ON DEFENDANT LOGAN

Two-tone (OD green/Black) Glock 21, .45cal semi-automatic pistol, serial number: PCK364. (1) Round chambered and (10) additional rounds loaded in a (13) capacity magazine.

The firearm was also equipped with what appeared to preliminarily be a Glock converter switch (giggle switch). A "giggle switch" is sometimes referred to as a "Glock Auto Switch" has the capability to convert a Semi-automatic handgun (which fires one (1) round with each pull of the trigger) into a Fully Automatic Handgun (which continuously fires rounds with the single pull and hold of the trigger). This switch would be classified as a machine gun under federal law.

<u>INSIDE BOOKBAG</u>

Century Arms 7.62cal Micro-Draco, semi-automatic pistol, serial number: PMD26366. (1) Round chambered and (21) additional rounds loaded in an unknown capacity magazine.

Black Glock 19, 9mm semi-automatic pistol, serial number: BGN2358. (1) Round chambered and (22) additional rounds loaded in a (31) capacity magazine.

10mm Glock firearm magazine, loaded with 10 rounds.

.45cal firearm magazine with a 30 round capacity with zero rounds.

.40cal firearm drum magazine with a capacity of 50 rounds loaded with (22) rounds.

A pill bottle containing (59) pills with the engravings (10/325 Percocet) with an approximate street value of $590. A check of the pills online revealed the pills to be acetaminophen/oxycodone, which is a controlled substance under federal law. The pill bottle label was also scratched off. Based on the amount of pills that was recovered in the bottle, members believed that Defendant Logan was in possession with the intent to distribute a controlled substance.

Based on the quantity of drugs, the fact that the label was scratched off the pill bottle, the quantity of U.S. Currency, as well as the proximity of the narcotics to the firearms, it is your affiant's belief that the drugs were of a quantity intended for distribution and that the firearms were possessed in furtherance of the narcotics trafficking.

A criminal history check of Defendant Logan revealed that he has prior criminal felony conviction in the Superior Court for the District of Columbia, 2019 CF2 015733, wherein he was sentenced to more than 12 months of incarceration.  Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

There are no firearm or ammunition manufacturers in the District of Columbia, thus the firearms and ammunition in this case traveled in interstate commerce.

_____
INVESTIGATOR NICHOLAS DAMRON
METROPOLITAN POLICE DEPARTMENT
BADGE NO. 1919

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 23 day of June 2022.*

_____

ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE